### BUARD'S CURATOR vs. BUARD'S HEIRS.

APPEAL from the court of the sixth district.

The party who calls a witness, and examines him in chief, can-not after-wards object to his crmpe-tency.

Compensa-tion may be pleaded in case of insol-vency, when the credit ac crues before bankruptcy, and is unat-tended with suspicous cir-cumstances.

MATTHEWS, J. delivered the opinion of the court. In this case the curator of the estate of Sylvester Buard, which became vacant in consequence of his legal heirs having refused to accept the inheritance, sues the heirs of his father to recover from them a certain sum of money, which is alleged to be owing to the estate of the person represented by the plain-

tiff, from the heirs of his father, on account of
so much which he was entitled to share from
his maternal estate, and which was received and retained by the father. The answer, in addition to a general denial. contains a plea of payment and also of compensation on the part of one of the defendants, Bossier. The case was submitted to a jury, who found for the plaintiff part of the sum by him claimed, and judgment being rendered in conformity with the verdict. the defendants appealed Since the appeal, the appellee has suggested errors in the judgment of the district court, and prayed that it may be altered in his favor.

In the course of the trial below, Francois Bossier was introduced to prove or acknowledge his signature as a witness to an instrument in writing, by which the amount due from the father to the son, as heir to his mother, was ascertained and liquidated. The witness was sworn in chief, and the defendant commenced a cross examination, with a view of supporting his plea of payment, to which the counsel for the plaintiff objected, on the ground of incompetency in the witness as being an ascendant of some of the defendants, which objection was overruled by the

West'nDis't.
October, 1826.

Buard
vs.
Buard's
heirs.

district judge, who considered that it came too late, after the witness had been introduced by the plaintiff and sworn to testify in full. A bill of exceptions was taken to the opinion of the court, by which the defendants' counsel was allowed to pursue his examination of the witness, which comes up in the record, for the examination and decision of this court. The legal incompetency of the witness to testify either for or against the interest of his descendants is not denied : but we are of opinion that this exception was virtually waived by both parties to the suit, being a necessary consequence of receiving him without objection. There is little weight in the alleged necessity of the thing, on the part of the appellee : being wholly incompetent, his hand writing, or that of the obligor, in the instrument, might have been proven in the same manner as if he had been dead. We are, therefore, of opinion that the judge *a quo* did not err in permitting the cross-examination.

In support of the plea of payment, the defendants introduced evidence of debts due from Sylvester Buard, the son, to his father, and money paid by the latter for his use and

benefit, &c. which were allowed by the verdict of the jury. This, although not strictly a payment, operated as such in consequence of the effect it produced by compensation, and proof of it was properly allowed under the plea of payment. But it is contended on the part of the plaintiff, that in cases of vacant estates, and those accepted with the benefit of inventory, which may be assimilated to estates in failure, compensation does not of right take place. This is true when the credit accrues after bankruptcy, or is attended with suspicious circumstances, which lead to a belief of fraud intended against other creditors of the insolvent. In the present case it appears that the debts due from the son to the father, existed long before the death of the former, and consequently produced compensation before the opening of this succession, and so far extinguished the debt due by the latter to him. See 7 *Toullier*, p. p. 454 to 458.

The compensation set up on the part of Mrs. Bossier one of the defendants, was properly rejected, as the debt claimed appears to be in right of her husband. We believe the verdict and judgment of the court below to be correct.

BUARD
*vs.*
BUARD's
HEIRS.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Rost* for the plaintiff, *Bullard* for the defendant.